## OTT v. HUDNUT SALES CO., Inc.
### Civ. A. No. 3761.

United States District Court
D. Colorado.
Oct. 17, 1952.

Paul A. Hentzell and Joseph W. Opstelten, Denver, Colo., for plaintiff.

Long, Hyman & Smart, Denver, Colo., for defendant.

KNOUS, District Judge.

This matter is before the Court on defendant's motion to quash service of summons. The defendant is a New York corporation. Service was had upon one John W. Eagan, who is the sole representative or agent or employee of the defendant in this jurisdiction. It is conceded that if the facts establish that the defendant corporation is doing business in the State of Colorado, or was doing it when service was had, the motion to quash must be overruled.

The defendant manufactures and distributes cosmetic products to retail outlets in interstate commerce. Eagan is its salesman or sales representative for an area which includes Colorado, New Mexico and Wyoming. As is disclosed by his deposition, he has held this position for twenty-one and one-half years. During all this time he has maintained his home in Denver, Colorado, where he generally attends to the clerical work incident to his duties. His authority does not permit him to bind the defendant contractually. It is his function merely to solicit orders from customers which the defendant is at liberty to accept or reject. He engages in these solicitations throughout the entire state of Colorado and is compensated on a commission basis. His income tax is withheld at the source. If any of the defendant's accounts in Colorado are delinquent, Eagan contacts the debtors, informs them that further orders will not be shipped until past obligations are paid and accepts payment, when offered, which he then transmits to the defendant. While the defendant does not specifically direct Eagan to seek the business of certain customers or potential customers and discourage or refuse that of others, he is under instructions to solicit only what in his discretion are "the better type of stores." The general policy which governs the defendant's activities in this state is not formulated by Eagan but by the defendant's sales manager in New York. The defendant advertises in Colorado newspapers on a cooperative cost-sharing basis with local retail outlets. Thus, ads appear in Colorado newspapers which publicize the defendant's product and a given store in this state, where it may be purchased. One-half the expense of such advertising is borne by the defendant and the other one-half by the particular local store named in the ad. Eagan makes arrangements for this type of advertising with the local stores. However, in every instance, he first must obtain the approval of the defendant's New York office. The defendant keeps no stock of merchandise in this state. However, it supplies Eagan with samples which he displays and exhibits to prospective customers. Occasionally, Eagan rents a hotel room in this state wherein he shows samples provided by the defendant to prospective customers for several days. This is done in connection with what the trade calls "market week," a cooperative sales and advertising enterprise joined in by many distributors of like products.

The plaintiff's claim for relief is founded on damages allegedly sustained by her as a result of the use of one of the defendant's products. She has averred that she both purchased and used the product within the State of Colorado. In other words, the complaint makes it clear that this action is grounded on activities within this state on the part of the defendant.

The Supreme Court of the United States has stated that:

"* * * due process requires only that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" International Shoe Co. v. State of Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95.

In the case from which the foregoing quotation was taken, the Supreme Court

held a foreign corporation which had not qualified to do business in the State of Washington amenable to civil process and subject to personal liability in that state. Although the court stated that whenever the instant question is presented, each case must stand on its own facts, the matters and details on which it predicated its disposition were sufficiently similar to those in the case in bar that a contrary holding here, in the opinion of this Court, would constitute a contravention of the foregoing decision of the Supreme Court.

Judge Learned Hand gave a consistent interpretation to the International Shoe Company decision, in French v. Gibbs Corporation, 2 Cir., 189 F.2d 787, 789, wherein, inter alia, his opinion stated:

> "However, in International Shoe Company v. State of Washington, * * * Chief Justice Stone said of a corporation that, 'unlike an individual its "presence" without, as well as within, the state of its origin can be manifested only by activities carried on in its behalf by those who are authorized to act for it.' Such an approach was toto coelo different from that of Bank of Augusta v. Earle, supra, 13 Pet. 519, 10 L.Ed. 274; it regarded the corporation, not as a fabricated jural person, but as a confederative venture to which, like all concerted activities, one can ascribe location only in places where its purposes are either planned or executed, although it is imminent in all of these. It does not indeed follow that a corporation should be subject to process wherever it is 'present' in that sense; *but continuous activities, be they as little as one will, satisfy the necessity of that physical 'presence' on which jurisdiction depends in a jurisprudence, territorially limited.*" (Italics supplied.)

And again, 189 F.2d at page 790:

> "Our answer, as we have said, is that, given any continued local activities the strict requirement of 'presence' is satisfied; and that the rest is a matter of more or less."

In view of the defendant's local activities, as described, which have persisted locally for a period of twenty-one and one-half years, it surely cannot be said that the prosecution of this suit, which allegedly arose from those activities, offends "traditional notions of fair play and substantial justice."

It is, therefore, ordered and adjudged that the defendant's motion to quash the service of summons be and the same is hereby denied.